## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**RON WADE, ET AL.**                                                                             **PLAINTIFFS**

vs.                                                                                                         NO.  **3:01CV-699-R**

**KROGER COMPANY, ET AL.**                                                       **DEFENDANTS**

### O R D E R

This action having come before the court for a fairness hearing on October 27, 2008, pursuant to the court's June 25, 2008, order preliminarily approving the proposed settlement between the plaintiff class and defendant The Kroger Co., to consider the matters set forth in the Preliminary Approval Order; and due notice of said hearing having been given pursuant to the court's June 25, 2008, order; and all members of the Class having been provided the opportunity to file timely objections to the proposed Consent Decree as described in the Notice of Proposed Settlement; and the court having considered the matter and all of the submissions filed in connection therewith, and the oral presentations of counsel at said hearing; and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. As required by this court in its Preliminary Approval Order: (a) notice of the proposed consent decree was mailed by first-class mail to all Class Members whose addresses could be obtained with reasonable diligence, and to all potential Class Members who requested a copy; and (b) notice of proposed Consent Decree was posted on the internet.  Such notice to members of the Class is hereby determined to be fully in compliance with requirements of Fed.R.Civ.P. 23(e)(1)(B) and due process and is found to be the best notice practicable under the circumstances and to constitute due and sufficient notice to all entities entitled thereto.

2. Due and adequate notice of the proceedings having been given to the Class and a full opportunity having been offered to the Class to participate in the fairness hearing, it is hereby determined that all Class Members, except those who timely requested exclusion, are bound by this final order and judgment.

3. The settlement of this race discrimination case was not the product of collusion between plaintiffs and defendants or their respective counsel, but rather was the result of *bona fide* and arm's-length negotiations conducted in good faith between plaintiff class counsel and defendants.

4. The court held a hearing to consider the fairness, reasonableness and adequacy of the proposed settlement and was advised that there were very few objections to the settlement. The court finds that those objections lack merit.

5. The court has considered the merits and risks in this case as well as the extent of the hard fought settlement negotiations.

6. The Consent Decree is hereby approved and found to be, in all respects, fair, reasonable, adequate and in the best interests of the Class as a whole and in satisfaction of Rule 23 of the Federal Rules of Civil Procedure and due process requirements.

7. The court specifically approves the distribution formula set forth in the Consent Decree. Distribution will be made to all eligible class members entitled to receive more than $50.

8. The total amount of requested award of attorneys' fees and expenses is found to be fair and reasonable. This court will award 25% of the Settlement fund for attorney fees, costs and expenses. All attorneys fees and costs shall be paid from the Settlement fund of $16 million within seven (7) days of the date of the entry of this order. Mr. Morris, who has petitioned this

court for a determination of the amount of attorney fees to which he is specifically entitled, shall be paid directly the amount of $200,347.95. The firms Cohen, Milstein, Hausfeld & Toll, P.L.L.C., and Wiggins, Childs, Quinn & Pantazis, L.L.C., shall work together in good faith with counsel for defendants' to ensure that the remainder of the $4,000,000 is appropriately allocated among Plaintiffs' other counsel in a manner that gives full effect to their existing agreements, about which there appears to be no dispute.

9. The court awards each of the named plaintiffs $30,000 (a) for regularly consulting with class counsel about case strategy and direction, and settlement terms; (b) for assistance in designing and undertaking discovery and responding to discovery undertaken by Kroger; (c) for assumption of the risk that awardable litigation and other costs might be assessed against them and the loss of wages during time taken from work in order to participate in this litigation and (d) for execution of a release of all claims they have or may have had against Kroger, that is broader than the release given by other members of this class.

10. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the court finds that there is no just reason for delay and therefore directs entry of this final order and judgment as a final judgment that is immediately appealable.

11. Without in any way affecting the finality of this final order and judgment, the court hereby retains jurisdiction over this action set forth in Section XVII.B. of the Consent Decree, and with respect to any disputes that may arise regarding the appropriate allocation of the $4,000,000 award for expenses and attorney fees.

DATE:

Copies to:

Counsel of Record
Grant Morris, Esq.